1

2

3

4

5

6

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12 CRAIG KANADY,                                    CASE NO. CV F 10-1742 LJO DLB

13                    Plaintiff,                   **ORDER ON DEFENDANT'S F.R.Civ.P. 12**
                                                   **MOTION TO DISMISS**
14        vs.                                      (Doc. 6.)

15 GMAC MORTGAGE, LLC,

16                    Defendant.
                                        /
17

18                              **INTRODUCTION**

19        Defendant GMAC Mortgage, LLC ("GMAC") seeks to dismiss as time barred and meritless pro

20 se plaintiff Craig Kanady's ("Mr. Kanady's") claims arising out of the refinance loan for and foreclosure

21 of his residence ("property").  This Court considered GMAC's F.R.Civ.P. 12(b)(6) motion to dismiss

22 on the record and VACATES the November 17, 2010 hearing, pursuant to Local Rule 230(g).  For the

23 reasons discussed below, this Court DISMISSES this action.[1]

24                              **BACKGROUND**

25                    **Mr. Kanady's Loan And Default**

26        In October 2006, Mr. Kanady obtained from GMAC a refinance loan for the property and which

27 _____

28        [1]        Given dismissal of Mr. Kanady's claims, this Court need not address GMAC's alternative F.R.Civ.P. 12(e)
   motion for a more definite statements.

                                        1

1   was secured by a deed of trust recorded on October 19, 2006.[2]  Mr. Kanady fell behind on his loan

2   payments, and a Notice of Default and Election To Sell Under Deed of Trust was recorded on September

3   17, 2009.  After Mr. Kanady failed to bring the loan current, a Notice of Trustee's Sale was recorded on

4   December 18, 2009.  The property sold at a foreclosure sale, and a Trustee's Deed of Sale was recorded

5   on May 21, 2010.

6                                    **Mr. Kanady's Claims**

7        Prior to removal to this Court, Mr. Kanady filed on May 18, 2010 in Tulare County Superior

8   Court his Complaint for Damages ("complaint") to claim that Mr. Kanady "was fraudulently induced

9   to refinance" his property loan.  The complaint alleges claims, discussed in more detail below, regarding

10  origination of Mr. Kanady's refinance loan and foreclosure of the property.  The complaint seeks to

11  rescind Mr. Kanady's loan, to enjoin interference with Mr. Kanady's possession of the property, and to

12  recover damages for "loss of property, money and . . . emotional distress" as well as punitive damages.

13                                      **DISCUSSION**

14                          **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

15       GMAC seeks to dismiss Mr. Kanady's claims as time barred, meritless and not subject to cure

16  by amendment.

17            "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such

18  dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-*

19  *Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir.

20  1981).  Sua sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*,

21  490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin*

22  *v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action

23  sua sponte prior to service of process on defendants).

24       A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

25  forth in the complaint.  "When a federal court reviews the sufficiency of a complaint, before the reception

26  of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

27

28          [2]      Documents pertaining to Mr. Kanady's loan, default and foreclosure of the property were recorded with
    the Tulare County Official Records.

2

1   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

2   support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

3   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

4   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

5   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

6   *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

7          In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light

8   most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

9   whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

10  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as

11  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

12  *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court

13  "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel.*

14  *Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the

15  [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways

16  that have not been alleged."  *Associated General Contractors of California, Inc. v. California State*

17  *Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt

18  to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd.*

19  *v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

20         "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

21  allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

22  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

23  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

24  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

25  plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing*

26  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

27  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

28  some viable legal theory."  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

1  *Ford Motor Co.*, 745 F.2d 1101, 1106 (7ᵗʰ Cir. 1984)).

2  In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

3  explained:

4   To survive a motion to dismiss, a complaint must contain sufficient factual
     matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A
5    claim has facial plausibility when the plaintiff pleads factual content that allows the court
     to draw the reasonable inference that the defendant is liable for the misconduct alleged.
6    . . . The plausibility standard is not akin to a "probability requirement," but it asks for
     more than a sheer possibility that a defendant has acted unlawfully.  (Citations omitted.)

7

8  After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

9  to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

10 content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret*

11 *Service*, 572 F.3d 962, 989 (9ᵗʰ Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

12 The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

13  First, the tenet that a court must accept as true all of the allegations contained in
     a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
14   a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
     only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
15   . Determining whether a complaint states a plausible claim for relief will . . . be a
     context-specific task that requires the reviewing court to draw on its judicial experience
16   and common sense. . . . But where the well-pleaded facts do not permit the court to infer
     more than the mere possibility of misconduct, the complaint has alleged – but it has not
17   "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

18  In keeping with these principles a court considering a motion to dismiss can
     choose to begin by identifying pleadings that, because they are no more than conclusions,
19   are not entitled to the assumption of truth. While legal conclusions can provide the
     framework of a complaint, they must be supported by factual allegations. When there are
20   well-pleaded factual allegations, a court should assume their veracity and then determine
     whether they plausibly give rise to an entitlement to relief.

21

22 *Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

23 Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss.

24 *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9ᵗʰ Cir. 1980); *see Avco Corp. v. Precision Air Parts,*

25 *Inc.*, 676 F.2d 494, 495 (11ᵗʰ Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982).  A

26 F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is

27 apparent on the complaint's face.  *Jablon*, 614 F.2d at 682.  If the limitations defense does not appear

28 on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may

4

1  be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and*
2  *Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

3  For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the
4  complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).
5  Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d
6  at 1162, n. 2.   In addition, a "court may consider evidence on which the complaint 'necessarily relies'
7  if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)
8  no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450
9  F.3d 445, 448 (9th Cir. 2006).   A court may treat such a document as "part of the complaint, and thus
10  may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United*
11  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).   Such consideration prevents "plaintiffs from
12  surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their
13  claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]   A "court may disregard
14  allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."
15  *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning*
16  *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).   Moreover, "judicial notice may be taken
17  of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v.*
18  *Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los*
19  *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).   A court properly may take judicial notice of matters of
20  public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v.*
21  *Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

22  As discussed below, the complaint is subject to dismissal given its time-barred, meritless claims.

23  ### **Failure To Satisfy F.R.Civ.P. 8**

24  GMAC globally attacks the complaint's failure to distinguish alleged wrongs among GMAC and
25  other defendants to fail to satisfy F.R.Civ.P. 8 notice requirements.

26
27  [3]      "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document
28  in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1    GMAC is correct that the complaint fails to satisfy F.R.Civ.P. 8, which requires a plaintiff to

2    "plead a short and plain statement of the elements of his or her claim, identifying the transaction or

3    occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles*

4    *County*, 216 F.3d 837, 840 (9th Cir. 2000).

5    F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement

6    "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."

7    *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written

8    more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to

9    whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

10   *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and

11   judges." *McHenry*, 84 F.3d at 1179.

12   Moreover, a pleading may not simply allege a wrong has been committed and demand relief.

13   The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

14   "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

15   1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a

16   complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v.*

17   *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some

18   degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733

19   F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

20   enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.

21   1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome
> requirement that a claimant "set out in detail the facts upon which he bases his claim,"
> *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added),
> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to
> relief. Without some factual allegation in the complaint, it is hard to see how a claimant
> could satisfy the requirement of providing not only "fair notice" of the nature of the
> claim, but also "grounds" on which the claim rests.

26   *Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

27   Moreover, a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal

28   Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants

on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988); *see Destfino v. Kennedy*, Slip Copy, 2009 WL 63566, at *8 (E.D. Cal. 2009) ("Wholesale 'everyone did everything' fails to comply with the Rules.") "Specific identification of the parties to the activities alleged by the plaintiffs is required . . . to enable the defendant to plead intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (399 F.Supp. 277, 284 (E.D. Wis. 1975).

The complaint fails to satisfy F.R.Civ.P. 8. The complaint makes references to various federal and California statutes and legal theories but lacks facts to support claims or valid, cognizable legal theories. The complaint lacks specific, clearly defined allegations as to GMAC and generally attributes alleged wrongs to "defendants." The complaint fails to give GMAC fair notice of claims plainly and succinctly to warrant dismissal of this action.

### Fraud

### *Three-Year Limitations Defense*

The complaint's first claim is entitled "Intentional Misrepresentation/Deceit and Fraud" and alleges that GMAC "misled Plaintiff as to the terms and conditions of the Subject Loan."

GMAC contends that fraud-based claims are barred by California Code of Civil Procedure section 338(d)'s three-year limitations period ("action for relief on the ground of fraud) in that the complaint predicates "fraud claims upon representations allegedly made by GMAC prior to and at the time of the origination of Plaintiff's loan."

GMAC argues that the limitations periods started in October 2006, when Mr. Kanady's loan originated. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.") GMAC faults the complaint's absence of facts to toll the limitations period. Equitable tolling is considered when "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir.1993).

The complaint's fraud claims are time barred given expiration of the three-year limitations period. The complaint lacks allegations to invoke equitable tolling. As such, the complaint's fraud

7

1  claims are subject to dismissal.

2  ### Elements

3  GMAC challenges the complaint's failure to satisfy F.R.Civ.P. 9(b)'s heightened pleading
4  standard for fraud sounding claims and fraud elements.

5  The elements of a California fraud claim are: (1) misrepresentation (false representation,
6  concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e.,
7  to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th
8  631, 638, 49 Cal.Rptr.2d 377 (1996).  The same elements comprise a cause of action for negligent
9  misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois,*
10  *Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

11  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and
12  specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133,
13  156, 53 Cal.Rptr.2d 336 (1996).  There must be a showing "that the defendant thereby intended to induce
14  the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff
15  actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment."
16  *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.  "The absence of any one of these required elements
17  will preclude recovery."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231
18  Cal.Rptr. 355 (1986).

19  ### Particularity Pleading Standard

20  F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[4]
21  In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s
22  particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.
23  Cal. 2003).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P.
24  / / /

25

26  _____

[4]  F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court
27  will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the
Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess*
28  *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.
1995)(italics in original)).

9(b)'s heightened pleading requirements.  *Vess*, 317 F.3d at 1107.[5]  A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim.  *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)).  The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud.  The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud.  The statement in question must be false to be fraudulent.  Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . .  The plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

---

[5]    "In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-1104.

1  1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the

2  misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates,

3  places, benefits received and other details of the alleged fraudulent activity.")

4       In a fraud action against a corporation, a plaintiff must "allege the names of the persons who

5  made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they

6  said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*

7  2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

8       GMAC is correct that the complaint's "conclusory allegations fail to meet Rule 9(b)'s strict

9  standard." The complaint lacks facts to support fraud elements let alone the who, what, when, when and

10  how of alleged misconduct. Mere allegations of misleading is insufficient to warrant dismissal of the

11  complaint's claims sounding in fraud.

12                           **Predatory Lending Practices**

13       The complaint's second claim is entitled "Predatory Lending Practices" and alleges violation of

14  several federal and California statutes. The claim alleges that "defendants . . . failed to verify Plaintiff's

15  ability to repay the Subject Loan" and "misled Plaintiff as to the terms and conditions of the Subject

16  Loan." GMAC faults purported federal and California statutory claims as time barred and meritless.

17                              *Truth In Lending Act*

18                           Rescission Limitations Period

19       GMAC contends that Mr. Kanady is time barred to attempt to rescind his loan under the Truth

20  in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing Regulation Z, 12 C.F.R. §§

21  226, et seq.

22       TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without

23  penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal*

24  *Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a). TILA rescission may be

25  extended up to three years if the lender fails to comply with TILA disclosure requirements. *Semar*, 791

26  F.2d at 701-702; 15 U.S.C. § 1635(f).

27       15 U.S.C. § 1635(f) addresses the outer most limit to seek rescission:

28       An obligor's right of rescission **shall expire three years after the date of**

**consummation of the transaction** or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . (Bold added.)

The U.S. Supreme Court has described as "manifest" Congress' intent to prohibit rescission after the three-year period has run:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy. *See Midstate Horticultural Co., supra*, at 360, 64 S.Ct., at 130; *Burnett, supra*, at 427, n. 2, 85 S.Ct., at 1054 n. 2; *Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 693-694, 48 L.Ed. 1067 (1904).

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417, 419, 118 S.Ct. 1408 (1998).

The complaint alleges, and matters subject to judicial notice reflect, that Mr. Kanady's loan was consummated in October 2006 to render his TILA rescission remedy expired prior to the May 18, 2010 filing the complaint. Moreover, Mr. Kanady is unable to rescind his loan under TILA in that the property was sold at a foreclosure sale. TILA rescission is time barred.

Damages Limitations Period

GMAC points out that the limitations period for a TILA damages claim expired prior to the May 18, 2010 filing of the complaint.

A TILA damages claim is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." "TILA requires that any claim based on an alleged failure to make material disclosures be brought within one year from the date of the occurrence of the violation." *Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005). The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). The Ninth Circuit noted in *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

11

1
2
3

The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

4   Mr. Kanady consummated his loan in October 2006 and filed his complaint on May 18, 2010,

5   more than three years after his loan transaction, to render a TILA damages claim time barred.

6   ### *Home Ownership And Equity Protection Act*

7   GMAC challenges the complaint's failure to identify a loan subject to the Home Ownership and

8   Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa), 1610, 1639 and 1640.  GMAC notes that

9   HOEPA applies when a loan's annual percentage rate at consummation exceeds by more than 10 percent

10  the applicable yield on treasury securities, or when the total points and fees payable by the consumer

11  exceed eight percent of the "total loan amount," or $400, whichever is greater. 15 U.S.C. § 1602(aa)(1),

12  (3); 12 C.F.R. § 226.32(a)(1).  A plaintiff "must allege facts supporting a conclusion that HOEPA

13  applies to the Loan, under the requirements of [15 U.S.C.] § 1602(aa)." *Enriquez v. J.P. Morgan Chase*

14  *Bank, N.A.*, 2009 WL 160245, at *5 (D. Nev. 2009); *see Marks v. Chicone*, 2007 WL 160992, at *8

15  (N.D. Cal. 2007) (dismissing HOEPA claim where " plaintiff has failed to allege facts sufficient to

16  establish that the subject loan was a high-risk loan subject to HOEPA"); *Justice v. Countrywide Home*

17  *Loans, Inc.*, 2006 WL 141746, at *2 (E.D. Tenn. 2006) (dismissing HOEPA claim in that "the bare

18  incantation of statutory terms, without corresponding allegations to support recovery, does not state a

19  claim").

20  GMAC is correct that the complaint fails to identify a loan to support a HOEPA claim.  The

21  complaint lacks a purported  HOEPA claim in absence of allegations that Mr. Kanady's loan rate or fees

22  exceeded the threshold in invoke HOEPA.  The complaint's mere allegation of a HOEPA violation is

23  insufficient to warrant dismissal of a purported HOEPA claim.

24  In addition, a purported HOEPA claim's futility is further illustrated by the applicable one-year

25  limitations period.  "HOEPA is an amendment of TILA, and therefore is governed by the same remedial

26  scheme and statutes of limitations as TILA." *Kemezis v. Matthew*, 2008 WL 2468377, at *3 (E.D. Pa.

27  2008).  A purported HOEPA damages claim is barred by the one-year limitations of 15 U.S.C. § 1640(e)

28  in that Mr. Kanady's loan closed more than three years before he filed this action.

1    A purported HOEPA rescission claim meets similar fate.  The "three year limitation on actions

2   for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which

3   creates a substantive right, not subject to tolling."  *In re Community Bank of Northern Virginia*, 467

4   F.Supp.2d 466, 481 (W.D. Pa. 2006) (citing *Beach,* 523 U.S. at 419, 118 S.Ct. 1408). "The right to

5   rescind under TILA/HOEPA, if not exercised within a three year period after a loan has closed, expires."

6   *In re Community Bank of Northern Virginia*, 467 F.Supp.2d at 481.

7                                    ***12 C.F.R. § 22***

8    The complaint sites to 12 C.F.R. § 22, which is not a citation to a valid regulation.  12 C.F.R.

9   § 22.1 and successive regulations address "Loans in Areas Having Special Flood Hazards."  The

10   complaint is silent as to the property's location in a flood zone to warrant immaterial the complaint's

11   reference to 12 C.F.R. § 22.

12                          ***California Civil Code Section 1632***

13    California Civil Code section 1632 ("section 1632") addresses translation of documents when

14   negotiating in Spanish, Chinese, Tagalog, Vietnamese or Korean.  The complaint lacks a viable section

15   1632 claim in the absence of allegations that Mr. Kanady's loan was negotiated in a language other than

16   English.

17    GMAC correctly questions section 1632's applicability to a real estate loan given that the statute

18   applies to a "loan or extension of credit secured **other than by real property**, or unsecured, for use

19   primarily for personal, family or household purposes."  Cal. Civ. Code, § 1632(b)(2).  GMAC further

20   faults a section 1632 claim as barred by the one-year limitation period of California Code of Civil

21   Procedure section 340(a) ("an action upon a statue").

22    GMAC has raised sufficient defenses to thwart a section 1632 claim.

23                ***California Business And Professions Code Section 17500***

24    GMAC faults a purported claim under California Business and Professions Code section 17500

25   ("section 17500") in the absence of facts to support elements for such a claim.

26    Section 17500 prohibits untrue or misleading statements to sell real or personal property or

27   personal services.  Section 17500 "prohibits any advertising 'which is untrue or misleading, and which

28   is known, or which by exercise of reasonable care should be known, to be untrue or misleading.'"

1     *People v. Forest E. Olson, Inc.*, 137 Cal.App.3d 137, 139, 186 Cal.Rptr. 804 (1982) (quoting Cal. Bus.

2     & Prof. Code, §§ 17500).

3        GMAC faults the complaint's failure to identify a publicly disseminated advertisement that was

4     untrue or misleading, property or service which GMAC sold at a price other than advertised, or Mr.

5     Kanady's injury from a purported violation.

6        GMAC's attacks on a purported section 17500 claim are valid to further warrant dismissal of the

7     complaint's predatory lending practices claim.

8                                **Breach Of Fiduciary Duty**

9        The complaint's fourth claim alleges that defendants "have breached their fiduciary duties owed

10     to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff"

11     and "have placed and negotiated loans without due cause to the best interests of Plaintiff."

12        GMAC challenges the existence of a fiduciary relationship with Mr. Kanady to support a breach

13     of fiduciary duty claim.

14        "[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of

15     a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any

16     one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101, 3

17     Cal.Rptr.2d 236 (1991).

18        A fiduciary relationship arises "between parties to a transaction wherein one of the parties is .

19     . . duty bound to act with the utmost good faith for the benefit of the other party." *Herbert v.*

20     *Lankershim*, 9 Cal.2d 409, 483, 71 P.2d 220 (1937). A fiduciary relationship "ordinarily arises where

21     a confidence is reposed by one person in the integrity of another, and in such a relation the party in

22     whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take

23     no advantage from his acts relating to the interest of the other party without the latter's knowledge or

24     consent." *Herbert*, 9 Cal.2d at 483, 71 P.2d 220.

25        Nonetheless "no fiduciary relationship is established merely because 'the parties reposed trust

26     and confidence in each other.'" *Girard v. Delta Towers Joint Venture*, 20 Cal.App.4th 1741, 1749, 26

27     Cal.Rptr.2d 102 (1993) (quoting *Worldvision Enterprises, Inc. v. American Broadcasting Companies,*

28     *Inc.,* 142 Cal.App.3d 589, 595, 191 Cal.Rptr. 148 (1983)). To be charged with a fiduciary obligation,

a person must knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law. *City of Hope Nat. Medical Center v. Genentech, Inc.*, 43 Cal.4th 375, 385, 181 P.3d 142 (2008).

"California courts have not extended the 'special relationship' doctrine to include ordinary commercial contractual relationships" *Martin v. U-Haul Co. Of Fresno,* 204 Cal.App.3d 396, 412, 251 Cal.Rptr. 17 (1988) (citations omitted). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093, n. 1, 283 Cal.Rptr. 53 (1991) (citing *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark,* 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)).

Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006) ("the bank is in no sense a true fiduciary"); *see Downey v. Humphreys,* 102 Cal.App.2d 323, 332, 227 Cal.Rptr. 484 (1951) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such."). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d at 1096, 283 Cal.Rptr. 53.

The complaint alleges no facts to support a fiduciary relationship. The complaint's mere reference to "fiduciary duties" is insufficient to impose a fiduciary relationship on GMAC. The breach of fiduciary duty claim fails.

### California Civil Code Sections 1916.7, 1920 And 1921

The complaint's fourth claim alleges that defendants "entered into an illegal pooling agreement in express violation" of California Civil Code sections 1916.7, 1920 and 1921 ("sections 1916.7, 1920 and 1921). Sections 1916.7, 1920 and 1921 address adjustable rate loan terms and disclosures.

GMAC contends that sections 1916.7, 1920 and 1921 are preempted by the federal Alternative Mortgage Transactions Parity Act ("AMPTA"), 12 U.S.C. §§ 3801, et seq. GMAC notes that AMPTA

was enacted to create parity between state and federally chartered lenders which make variable rate mortgage loans.

Federal preemption applies when federal legislation is "enacted pursuant to Congress' constitutionally delegated authority . . . [to] nullify conflicting state or local actions." *Worm v. American Cyanamid Co.*, 970 F.2d 1301, 1304-1305 (4th Cir. 1992). By enacting the AMPTA, "Congress clearly intended to preempt state law to the extent it authorized non-federally chartered housing creditors to take advantage of the federal regulations for alternative mortgage transactions that govern federally chartered lending institutions." *National Home Equity Mortgage Ass'n v. Face*, 239 F.3d 633, 637 (4th Cir. 2001). The Office of Thrift Supervision ("OTS") and other agencies "have recognized the importance of alternative mortgage transactions and have adopted regulations authorizing federally chartered depository institutions to engage in alternative mortgage financing." 12 U.S.C. § 3801(a)(3).

GMAC notes that OTS regulations provide that lenders making alternative mortgage loans, including adjustable rate loans, need not comply with state laws "so long as they comply with specified OTS regulations." A "non-federally chartered housing creditor may make an alternative mortgage transaction pursuant to applicable federal regulations 'notwithstanding any State Constitution, law or regulation.'" *Face*, 239 F.3d at 637 (quoting 12 U.S.C. § 3803(c)). "Thus, to the extent that a non-federally chartered housing creditor makes a loan in compliance with federal regulations for alternative mortgage transactions, it may do so despite contrary state law." *Face*, 239 F.3d at 637.

GMAC persuasively argues that federal regulations on disclosures for adjustable rate mortgage loans "preempt the conflicting provisions of Civil Code §§ 1916.7, 1920 and 1921, which would otherwise require a conflicting set of disclosures." GMAC is also correct that the complaint lacks allegations that Mr. Kanady's loan originated under sections 1916.7, 1920 or 1921, especially given that the deed of trust for his loan lacks indication of a prepayment penalty and the complaint fails to claim Mr. Kanady' ability to pay off the entire loan to invoke a prepayment penalty. Lastly, GMAC correctly notes the complaint's absence of facts that "GMAC failed to provide required notifications and disclosures."

The complaint's section 1916.7, 1920 and 1921 claims are doomed based on federal preemption and the other grounds raised by GMAC.

16

### Accounting

The complaint's (fifth) demand for accounting claim alleges that Mr. Kanady "requested copies of the entire file from Defendants" who "refused to respond to said request" and "committed an unlawful and unfair business practice." The claim further alleges that Mr. Kanady is unable to determine what he owes "without an accounting."

An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic Western Corp. v. Zila Industries, Inc.,* 66 Cal.App.3d 1, 14, 135 Cal.Rptr. 915 (1977). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *Civic Western,* 66 Cal.App.3d at 14, 135 Cal.Rptr. 915. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. *Civic Western,* 66 Cal.App.3d at 14, 135 Cal.Rptr. 915. Moreover, an accounting claim "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d 454, 460, 39 P.2d 877 (1934).

"A right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68 Cal.App.4th 824, 833-834, 80 Cal.Rptr.2d 549 (1998). Moreover, as an equitable matter, an accounting frequently "presents a fiduciary relation between the parties in the nature of a trust which brings it especially within equitable remedies." *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6, 214 P.2d 407 (1950).

The complaint lacks allegations of complexity or a fiduciary relationship to warrant an accounting to plaintiffs. "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." *Downey v. Humphreys,* 102 Cal.App.2d 323, 332, 227 Cal.Rptr. 484 (1951). "The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476, 261 Cal.Rptr. 735 (1989). The complaint's mere unsupported claim of a need of an accounting is insufficient. The complaint fails to allege that GMAC owes Mr. Kanady money to invoke an accounting. Mr. Kanady lacks a derivative basis for an accounting given the failure of his claims. The complaint fails to invoke this Court's equity powers to provide Mr. Kanady accounting relief to warrant dismissal of the accounting claim.

**Unfair Business Practices**

The complaint's (sixth) unfair business practices claim purports to invoke relief under the California Business and Professions Code §§ 17200, et seq. ["Unfair Competition Law ('UCL')"]. The claim appears to base a UCL claim on GMAC's violation of TILA and "various consumer statutes."

*Federal Preemption*

GMAC contends that a UCL claim is subject to federal preemption to the extent based on TILA.

"[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003). In *Silvas v. E\*Trade Mortgage Corp.,* 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., preempted claims under the UCL if the UCL claims were predicated on TILA. *See Reyes v. Downey Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008). The court reasoned that "when federal law preempts a field, it does not leave room for the states to supplement it." *Silvas*, 421 F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). The Ninth Circuit affirmed the district court and held that plaintiff's UCL claims were preempted. *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d at 1006.

States may not avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*, 379 F.3d 641, 648-49 (9th Cir.2004). "Plaintiffs' use of the UCL as predicated on TILA is preempted." *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at \*7 (E.D. Cal. 2008) ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted. Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

The UCL claim as tied to TILA is preempted. Mr. Kanady is unable to avoid preemption in the guise of an UCL claim, especially given the vague, conclusory allegations of unfair practices.

In addition, since Mr. Kanady's TILA damages claim is time barred, the UCL claim based on

1  federal statutory violations likewise fails.  "A court may not allow plaintiff to 'plead around an absolute

2  bar to relief simply by recasting the cause of action as one for unfair competition.' " *Chabner v. United*

3  *of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000); *see Rubio v. Capital One Bank (USA)*, 572

4  F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim

5  predicated on TILA likewise failed).  The time bar of Mr. Kanady's federal statutory claims bolsters

6  dismissal of his UCL claim to prevent circumvention of federal statutory limitations periods.

7  ### *Unfair, Fraudulent Or Deceptive Business Practices*

8  GMAC further challenges the UCL claim's failure to allege a requisite "underlying violation of

9  law."

10  "Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and

11  unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr.

12  718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200).  The UCL establishes three varieties of unfair

13  competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group,*

14  *Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000).  An "unlawful business activity" includes

15  anything that can properly be called a business practice and that at the same time is forbidden by law.

16  *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale,* 25 Cal.3d 626, 631-632, 159

17  Cal.Rptr. 811, 602 P.2d 731 (1979)).  "A business practice is 'unlawful' if it is 'forbidden by law.'"

18  *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002)

19  (quoting *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992)).

20  The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state,

21  or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832,

22  838, 33 Cal.Rptr.2d 548 (1999).  The UCL "thus creates an independent action when a business practice

23  violates some other law." *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79.  According to the

24  California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful

25  practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th

26  377, 383, 6 Cal.Rptr.2d 487 (1992).

27  A fellow district court has explained the borrowing of a violation of law other than the UCL:

28  To state a claim for an "unlawful" business practice under the UCL, a plaintiff

19

must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio*, 572 F.Supp.2d at 1168.

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications*, 20 Cal.4th 163 at187, 83 Cal.Rptr.2d 548.

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived." *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005).

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

The complaint is insufficient to establish that GMAC engaged in unfair business practices under the UCL.  In the absence of violation of a borrowed law, a UCL claim fails in that it cannot rest on alleged irregularities in the loan transaction or foreclosure proceedings.  The complaint lacks claims under the federal and state statutes addressed above.  The complaint points to no predicate violation of law.  The complaint lacks reasonable particularity of facts to support a UCL claim.  The complaint's bare reference to federal and state statutes and common law claims provides not the slightest inference that Mr. Kanady has a viable UCL claim.  The UCL claim lacks particularity of fraudulent circumstances, such as a misrepresentation, for a UCL claim.  The complaint lacks facts to hint at a wrong subject to the UCL to warrant the UCL claim's dismissal.

1    ***Standing And Available UCL Relief***

2         GMAC further faults a UCL claim in the absence of Mr. Kanady's standing to pursue available

3    UCL relief.

4         California Business and Professions Code section 17204 limits standing to bring a UCL claim

5    to specified public officials and a private person "who has suffered injury in fact and has lost money or

6    property as a result of the unfair competition."

7         Business and Professions Code section 17203 addresses UCL relief and provides in pertinent

8    part:

9              Any person who engages, has engaged, or proposes to engage in unfair
              competition may be enjoined in any court of competent jurisdiction. The court may make
10             such orders or judgments . . . as may be necessary to restore to any person in interest any
              **money or property**, real or personal, which may have been acquired by means of such
11             unfair competition.  (Bold added.)

12        "In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's

13   remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939,

14   950, 119 Cal.Rptr.2d 296 (2002) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular*

15   *Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999)).  "The UCL limits the remedies available

16   for UCL violations to restitution and injunctive relief . . ."  *Madrid v. Perot Systems Corp.*, 130

17   Cal.App.4th 440, 452, 30 Cal.Rptr.3d 210 (2005).  "[I]ndividuals may not recover damages" under the

18   UCL.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1150, 131 Cal.Rptr.2d 29 (2003).

19   To be subject to restitution, the "offending party must have obtained something to which it was not

20   entitled and the victim must have given up something which he or she was entitled to keep." *Day v. AT*

21   *& T Corp.*, 63 Cal.App.4th 325, 340, 74 Cal.Rptr.2d 55 (1998).

22        GMAC notes the absence of "funds to restore" to Mr. Kanady given Mr. Kanady's default to

23   result in the foreclosure sale of the property.  The complaint lacks facts of Mr. Kanady's money or

24   property allegedly lost due to a UCL violation.  The complaint lacks sufficient allegations of Mr.

25   Kanady's standing to warrant dismissal of the UCL claim.

26   **Breach Of Covenant Of Good Faith And Fair Dealing**

27        The complaint's seventh claim alleges that defendants "misled, deceived and willfully and

28   intentionally breached the covenant of complaint faith and fair [sic]."

21

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151 (2000) (quoting *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658, 328 P.2d 198 (1958)). However, allegations of violations of the implied covenant "during the negotiations" fail to state a claim. *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799, 71 Cal.Rptr.3d 885 (2008). The "implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *McClain*, 159 Cal.App.4th at 799, 71 Cal.Rptr.3d 885 (citing *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* 11 Cal.App.4th 1026, 1031-1035, 14 Cal.Rptr.2d 335 (1992)).

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted). The "scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373, 6 Cal.Rptr.2d 467 (1992). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television*, 162 Cal.App.4th 1107, 1120, 76 Cal.Rptr.3d 585 (2008). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Agosta v. Astor*, 120 Cal.App.4th 596, 607, 15 Cal.Rptr.3d 565 (2004) (quoting *Guz v. Bechtel Nat. Inc.* 24 Cal.4th 317, 349-350, 100 Cal.Rptr.2d 352 (2000)).

As discussed above, the complaint fails to allege or identify a contract or contract provision to invoke an implied covenant to impose on GMAC liability for alleged wrongs. The complaint lacks an alleged breach to invoke the implied covenant of good faith and fair dealing. Mr. Kanady is unable to resort to an implied covenant to manufacture GMAC's obligations which do not exist.

**Declaratory Relief**

The complaint's (eighth) declaratory relief claim seeks this Court's "defining, and determining

22

1   the rights obligations, duties and responsibilities of Plaintiffs and Defendants, and each of them,

2   concerning the right to title and possession of subject property."

3        GMAC argues that Mr. Kanady is not entitled to declaratory relief in the absence of an "actual

4   controversy."  GMAC notes that "controversies" about Mr. Kanady's "rights and obligations under his

5   note and deed of trust have been mooted by foreclosure which extinguished those instruments."

6        The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

7        In a case of actual controversy within its jurisdiction . . . any court of the United

8   States, upon the filing of an appropriate pleading, may declare the rights and other legal
relations of any interested party seeking such declaration, whether or not further relief
is or could be sought.  Any such declaration shall have the force and effect of a final

9   judgment or decree and shall be reviewable as such.

10  28 U.S.C. §2201(a).

11       The DJA's operation "is procedural only."  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,

12  300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).  "A declaratory judgment is not a theory of recovery."

13  *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994).  The DJA

14  "merely offers an *additional remedy* to litigants."  *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21

15  (2nd Cir. 1997) (italics in original).  A DJA action requires a district court to "inquire whether there is

16  a case of actual controversy within its jurisdiction."  *American States Ins. Co. v. Kearns*, 15 F.3d 142,

17  143 (9th Cir. 1994).

18       As to a controversy to invoke declaratory relief, the question is whether there is a "substantial

19  controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant

20  the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270,

21  273, 61 S.Ct. 510, 512 (1941).  The U.S. Supreme Court has further explained:

22       A justiciable controversy is thus distinguished from a difference or dispute of a
hypothetical or abstract character; from one that is academic or moot. . . . The

23  controversy must be definite and concrete, touching the legal relations of parties having
adverse legal interests. . . . It must be a real and substantial controversy admitting of

24  specific relief through a decree of a conclusive character, as distinguished from an
opinion advising what the law would be upon a hypothetical state of facts.

25

26  *Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

27       The failure of the complaint as a whole demonstrates the absence of an actual controversy subject

28  to declaratory relief.  A declaratory relief action "brings to the present a litigable controversy, which

otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). In the absence of a viable claim, the complaint fails to support declaratory relief, especially given the conclusion of the foreclosure sale. "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller v. Lien*, 25 Cal.App.4th 822, 831, 30 Cal.Rptr.2d 777 (1994).

### Quiet Title

The complaint's ninth claim "seeks to quiet title against the claims of defendants."

GMAC attacks the complaint's failure to allege required elements for a quiet title claim in that, among other things, the complaint fails to address Mr. Kanady's necessary tender of amounts owed on his loan.

California Code of Civil Procedure section 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1.    A legal description and street address of the subject real property;

2.    The title of plaintiff as to which determination is sought and the basis of the title;

3.    The adverse claims to the title of the plaintiff against which a determination is sought;

4.    The date as of which the determination is sought; and

5.    A prayer for the determination of the title of the plaintiff against the adverse claims.

The quiet title remedy "is cumulative and not exclusive of any other remedy, form or right of action, or proceeding provided by law for establishing or quieting title to property." Cal. Code Civ. Proc., § 760.030.

A quiet title claim is doomed in the absence Mr. Kanady's tender of amounts owed. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt. The cloud upon his title persists until the debt is paid.").

1   "A valid and viable tender of payment of the indebtedness owing is essential to an action to

2   cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d

3   112, 117,  92 Cal.Rptr. 851 (1971).  An "action to set aside the sale, unaccompanied by an offer to

4   redeem, would not state a cause of action which a court of equity would recognize." *Copsey v.*

5   *Sacramento Bank*, 133 Cal. 659, 662, 66 P. 7 (1901).

6        GMAC is correct that Mr. Kanady is unable to "re-acquire good title to the foreclosed Property

7   without paying or tendering what he borrowed against the Property."  With the complaint's absence of

8   a meaningful ability or willingness to tender Mr. Kanady's indebtedness, a purported quiet title claim

9   fails.  This Court is not in a position to award Mr. Kanady a windfall.

10   ### Injunctive Relief

11        The complaint's (tenth) injunctive relief claim seeks "to prohibit any further actions to interfere

12   with Plaintiff's use and enjoyment of the Subject Property."

13        GMAC attacks the injunctive relief claim as "impermissibly vague" and unsupported as a mere

14   form of remedy.

15        "Equity will not interpose its remedial power in the accomplishment of what seemingly would

16   be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there

17   has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*,

18   *v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). "Injunctive relief is

19   a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief

20   may be granted." *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168, 125 P.2d 930 (1942).  "[R]eference

21   to a 'cause of action the gravamen of which is . . . injunctive relief' is ambiguous." *McDowell v.*

22   *Watson,* 59 Cal.App.4th 1155, 1159, 69 Cal.Rptr.2d 692 (1997) (quoting *Crowley v. Katleman,* 8 Cal.4th

23   666, 681, 34 Cal.Rptr.2d 386 (1994)).

24        The complaint lacks facts to support injunctive relief, especially given the absence in the record

25   of foreclosure irregularities.  No viable claim supports injunctive relief to doom injunctive relief for Mr.

26   Kanady.  In other words, injunctive relief fails with the complaint's claims.

27   ### Further Grounds For Dismissal

28        The above discussion demonstrates that Mr. Kanady lacks a viable claim under the complaint's

theories.  GMAC has sufficiently vitiated the complaint's claims.  As GMAC explains, the complaint's claims fail as barred legally or by limitations periods and for further reasons discussed by GMAC.  In light of this Court's discussion and the grounds raised by GMAC, Mr. Kanady lacks a viable claim.

### Attempt At Amendment And Malice

Since the complaint's claims are insufficiently pled and barred as a matter of law, Mr. Kanady is unable to cure the complaint's claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court surmises that Mr. Kanady has brought this action in absence of good faith and that Mr. Kanady exploits the court system solely for delay or to vex GMAC.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action against GMAC.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES with prejudice this action against GMAC; and

2.      DIRECTS the clerk to enter judgment in favor of defendant GMAC Mortgage, LLC and against plaintiff Craig Kanady and to close this action.

IT IS SO ORDERED.

Dated:   **October 12, 2010**          _____**/s/ Lawrence J. O'Neill**_____
                                                    UNITED STATES DISTRICT JUDGE